IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN E. TOPPER, Personal Representative for the Estate of CURTIS DAVID TOPPER, Deceased 142 Seltzer Court Lancaster, PA 17601 | * * * * * * | BML No. 4 CIVIL ACTION NO. |
| AND | * * | |
| TO THE USE OF STEPHEN E. TOPPER, SON 142 Seltzer Court Lancaster, PA 17601 | * * * * | JUN 30 2004 |
| AND | * * | MJG 04 CV 2034 |
| TO THE USE OF M. DOLORES ROGERS DAUGHTER 304 Barnes Avenue Westminster, MD 21157 | * * * * | |
| AND | * * | |
| TO THE USE OF JOAN TRACEY, DAUGHTER P. O. Box 381 Emmitsburg, MD 21727 | * * * * * | |
| AND | * * | |
| TO THE USE OF SUSAN SIMMONS, DAUGHTER 268 Deb Road Roseboro, NC 28382 | * * * * | |
| AND | * * | |
| TO THE USE OF RICHARD C  TOPPER, SON 1232 Deb Road Roseboro, NC 28382 | * * * * | |
| AND | * * | |
| TO THE USE OF ANTHONY TOPPER, SON P. O. Box 132 Emmitsburg, MD 21727 | * * * | |
| AND | * * | |
| TO THE USE OF MICHAEL TOPPER, SON 1441 Hamilton Boulevard | * * | |

Hagerstown, MD 21742                      *
                                          *
**AND**                                       *
                                          *
TO THE USE OF PATRICK TOPPER, SON         *
1323 Trevanion Road                       *
Taneytown, MD 21787                       *
                                          *
**AND**                                       *
                                          *
TO THE USE OF JOSEPH TOPPER, SON          *
3001 Westminster Street                   *
Manchester, MD 21102                      *
                                          *
**AND**                                       *
                                          *
TO THE USE OF DOUGLAS TOPPER, SON         *
13 Carroll Street                         *
Thurmont, MD 21788                        *
                                          *
        Plaintiffs                        *
                                          *
**vs**                                        *
                                          *
ANCHOR PACKING COMPANY                    *
A New Jersey Corporation                  *
408 Gallimore Dairy Road                  *
Greensboro, NC 27409                      *
                                          *
Service of Process Upon:                  *
Anchor Packing Company                    *
c/o Corporate Trust Co.                   *
1209 N. Orange Street                     *
Wilmington, DE 19801                      *
                                          *
and                                       *
                                          *
GARLOCK SEALING TECHNOLOGIES, LLC         *
f/k/a GARLOCK, INC.                       *
an Ohio Corporation                       *
430 Park Avenue                           *
New York, NY 10022                        *
                                          *
Service of Process Upon:                  *
President/CEO                             *
1666 Division Street                      *
Palmyra, NY 14522                         *
                                          *
and                                       *
                                          *
H.B. FULLER in its own right              *
 and its division                        *
A Minnesota Corporation                   *
FOSTER PRODUCTS CORP.                     *

```
1200 Willow Lake Boulevard          *
St. Paul, MN 55110-5101             *
                                    *
Service of Process Upon:            *
H.B. FULLER in its own right        *
 and its division                   *
FOSTER PRODUCTS CORP.               *
1200 Willow Lake Boulevard          *
St. Paul, MN 55110-5101             *
                                    *
and                                 *
                                    *
JOHN CRANE, INC.                    *
A Delaware Corporation              *
P.O. Box 6400                       *
West Oakton,                        *
Morton Grove, IL 60053              *
                                    *
Serve On:                           *
John Crane, Inc.                    *
President                           *
P.O. Box 6400                       *
West Oakton                         *
Morton Grove, IL 60053              *
                                    *
and                                 *
                                    *
OWENS-ILLINOIS, INC.                *
An Ohio Corporation                 *
405 Madison Avenue                  *
Toledo, OH 43666                    *
                                    *
Service of Process Upon:            *
Resident Agent                      *
C.T. Corporation System             *
300 E. Lombard  Street              *
Baltimore, MD 21202                 *
                                    *
and                                 *
                                    *
METROPOLITAN LIFE INSURANCE         *
COMPANY                             *
a New York Corporation              *
One Madison Avenue                  *
New York, NY 10010-3690             *

Service of Process Upon:            *
c/o Mr. Alfred W. Redmer, Jr.,      *
Insurance Commissioner for MD       *
Maryland Insurance Division         *
525 St. Paul Place                  *
Baltimore, MD 21202                 *
                                    *
```

```
and                                      *
                                         *
RAPID-AMERICAN CORP.                     *
Successor-in-interest to                 *
Philip Carey Company and                 *
Philip Carey Manufacturing               *
Company                                  *
A Delaware Corporation                   *
667 Madison Ave                          *
12Th Floor                               *
New York, NY 10021                       *
                                         *
Service of Process Upon:                 *
Rapid-American Corp.                     *
c/o McCrory Co.                          *
630 3rd Ave, 7th Floor                   *
New York, NY 10017                       *
                                         *
and                                      *
                                         *
VIACOM, INC., Successor by merger        *
to CBS CORPORATION                       *
f/k/a Westinghouse Electric Corp.        *
A Pennsylvania Corporation               *
c/o Legal Department                     *
Westinghouse Building                    *
6 Gateway Center                         *
Pittsburgh, PA 15222                     *
                                         *
Service of Process:                      *
VIACOM, INC./CBS CORPORATION             *
f/k/a Westinghouse Electric Corp         *
c/o Legal Department                     *
Westinghouse Building                    *
6 Gateway Center                         *
Pittsburgh, PA 15222                     *
                                         *
      Defendants                         *
```

A JURY TRIAL IS DEMANDED

## COMPLAINT

AND NOW COMES the Plaintiffs above named by their

attorneys, PFEIFER & FABIAN, P.A., and GOLDBERG, PERSKY &

WHITE, P.C. and files the following Complaint whereof following is a statement:

1.    The Plaintiff, STEPHEN E. TOPPER, Surviving Son and Personal Representative of the Estate of CURTIS DAVID TOPPER, is an individual who resides at 142 Seltzer Court, Lancaster, PA 17601.

2.    The Plaintiff, M. DOLORES ROGERS, Surviving Daughter of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 304 Barnes Avenue, Westminster, MD 21157.

3.    The Plaintiff, JOAN TRACEY, Surviving Daughter of CURTIS DAVID TOPPER, Decedent, is an individual who resides at P. O. Box 381, Emmitsburg, MD 21727.

4    The Plaintiff, SUSAN SIMMONS, Surviving Daughter of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 268 Deb Road, Roseboro, NC 28382

5.    The Plaintiff, RICHARD C. TOPPER, Surviving Son of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 1232 Deb Road, Roseboro, NC 28382.

6    The Plaintiff, ANTHONY TOPPER, Surviving Son of CURTIS DAVID TOPPER, Decedent, is an individual who resides at P.O. Box 132, Emmitsburg, MD 21727

7.    The Plaintiff, MICHAEL TOPPER, Surviving Son of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 1441 Hamilton Boulevard, Hagerstown, MD 21742

8.    The Plaintiff, PATRICK TOPPER, Surviving Son of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 1323 Trevanion Road, Taneytown, MD 21787.

9.    The Plaintiff, JOSEPH TOPPER, Surviving Son of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 3001 Westminster Street, Manchester, MD 21102

10.    The Plaintiff, DOUGLAS TOPPER, Surviving Son of CURTIS DAVID TOPPER, Decedent, is an individual who resides at 13 Carroll Street, Thurmont, MD 21788

11    The Defendant, ANCHOR PACKING COMPANY, is a corporation incorporated under the laws of the State of New Jersey, having its principal place of business located in the State of North Carolina, is qualified to do business and has conducted business in the State of Maryland.

12.    The Defendant, GARLOCK SEALING TECHNOLOGIES, LLC f/k/a GARLOCK, INC., is an Ohio Corporation with its principal place of business in a state other than Maryland, that state being New York    This defendant does not have a registered agent in the State of Maryland and may be served in care of President/CEO, 1666 Division Street, Palmyra, New York 14522.

13    The Defendant, H.B  FULLER, DIVISION OF FOSTER PRODUCTS CORP., is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business located in the State of Minnesota, and is qualified to do business and has conducted business in the State of Maryland.

14    The Defendant, JOHN CRANE, INC., is a corporation incorporated under the laws of the State of Illinois, having its principal place of business located in the State of Illinois, and is qualified to do business and has conducted business in the State of Maryland.

15.   The Defendant, OWENS-ILLINOIS, INC., is a corporation incorporated under the laws of the State of Ohio, having its principal place of business in the State of Ohio, and is qualified to do business and has conducted business in the State of Maryland.

16.   The Defendant, METROPOLITAN LIFE INSURANCE CO., is a corporation incorporated under the laws of the State of New York, having its principal place of business located in the State of New York, and is qualified to do business and has conducted business in the State of Maryland.

17.   The Defendant, RAPID-AMERICAN CORP., Successor-in-interest to Philip Carey Company and Philip Carey Manufacturing Company, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in the State of New York, and is qualified to do business and has conducted business in the State of Maryland.

18.   The Defendant, VIACOM, INC., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in the Commonwealth of Pennsylvania, and is qualified to do business and has conducted business in the State of Maryland.

19.   Jurisdiction is conferred by reason of the diversity of citizenship of the parties and in addition, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00 exclusive of costs and interest.

20.   At all times pertinent hereto, the Defendants acted

through their duly authorized agents, servants and employees
who were then and there acting in the course and scope of their
employment, and in furtherance of the business of said
Defendants.

21. At all times relevant and pertinent hereto, the
Decedent, **CURTIS DAVID TOPPER**, was employed as a carpenter
with various contractor companies from 1949 to 1966

22. During the period of time set forth hereinabove, the
Decedent was exposed to and did inhale and/or ingest asbestos
fibers and dust which caused the condition as hereinafter set
forth resulting in Decedent's disability and death. Mr. Topper
died on February 25, 2002

23. Defendants at all times relevant and pertinent hereto
were engaged in the business of mining and/or milling and/or
manufacturing and/or fabricating and or supplying and/or
selling asbestos-containing products to which Decedent was
exposed.

24. As a proximate result of the inhalation and/or
ingestion of the asbestos fibers and dust contained in the
products of the Defendants, the Decedent contracted lung cancer
and other asbestos-related diseases which has resulted in his
total disability and death as above stated

25. Decedent's diseases of lung cancer and other
asbestos-related diseases were solely and directly caused by
the acts of the Defendants acting through their agents,
servants and employees and the Defendants' negligence, breach
of warranty, and as a result of the strict duty and liability

imposed under sec  402A of the <u>Restatement of Torts (Second)</u>.

26   The Defendants sold and supplied products which they knew were defective and/or unreasonably dangerous to the user or consumer, i.e., Decedent, and acted in a manner which was willful, wanton and in gross and total disregard of the health and safety of the user or consumer, i.e., Decedent.

27. Defendants, individually, together and/or as a group, have possessed, since 1929, medical and scientific data which indicated that asbestos-containing insulation materials were hazardous to health.  Prompted by pecuniary motives, the defendants, individually, together and/or as a group, willfully and wantonly ignored and/or failed to act upon said medical and scientific data.  As a proximate result of the aforesaid actions, Decedent was exposed to asbestos fibers and contracted lung cancer and other asbestos-related diseases which resulted in death as stated above.

28. Defendants have possessed, since before Plaintiff was injuriously exposed to the Defendants' asbestos products, medical and scientific data which indicated that asbestos products were, or were likely to become, extremely hazardous to the health and safety of the Decedent and others similarly stationed.

29   Possessed of knowledge of the hazard to the Decedent and other workers similarly stationed, each of these Defendants, prompted by financial concerns, individually and collectively, willfully, wantonly, and with gross disregard for the safety of the Decedent  ignored, failed and intransigently

refused to act upon said medical and scientific data, to warn users of their products and those who worked in close proximity to those products or to Defendants' activities of the life and health-threatening dangers of exposure to and the breathing of asbestos fibers and dust, and to take such other reasonable precautions necessary to lessen the dangers and potentially lethal dangerous characteristics of their asbestos products and activities.  Defendants, in wanton and reckless disregard for human life and health, deliberately, and in concert with one another, intentionally and purposely withheld and concealed such information from users of their products.

30.    Defendants further conspired together to deceive the Decedent and the public and suppress existing information regarding the health and safety interests of those exposed to asbestos    Such conspiratorial activities deprived those exposed to Defendants' asbestos fiber and dust, including the Decedent, of the opportunity to choose to protect themselves from, or to avoid entirely, the unreasonably dangerous products and activities of Defendants.

31    As a result of the contracting of lung cancer and other asbestos-related diseases the Decedent, CURTIS DAVID TOPPER, suffered severe pain and mental anguish prior to his death, and further suffered and was caused to incur medical and hospital expenses, loss of earnings and other damages all being claimed by and on behalf of the deceased by his Personal Representative, STEPHEN E. TOPPER

32.    As a result of the disability and death of CURTIS

DAVIS TOPPER, Plaintiffs, STEPHEN E. TOPPER, M. DOLORES ROGERS JOAN TRACEY, SUSAN SIMMONS, RICHARD C. TOPPER, ANTHONY TOPPER, MICHAEL TOPPER, PATRICK TOPPER, JOSEPH TOPPER, and DOUGLAS TOPPER, Surviving Children of the Decedent, have suffered damages as follows:  Plaintiffs have not only suffered pecuniary loss and loss of pecuniary benefits; but they have also suffered mental anguish, emotional pain and suffering; loss of society; loss of companionship, loss of comfort, protection and care; and further loss of attention, advice and counsel of the deceased due to his untimely death.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, individually, jointly and severally on account of the wrongful death of CURTIS DAVID TOPPER, in the amount of Three Million Dollars ($3,000,000.00) and Two Million Five Hundred Thousand Dollars ($2,500,000.00) in exemplary and punitive damages

Respectfully submitted,

GOLDBERG, PERSKY & WHITE, P.C.

PFEIFER & FABIAN, P.A

PETER T. PALADINO, JR., ESQ
(Trial Bar No. 22285)
1030 Fifth Avenue
Ketchum Center, 3rd Floor
Pittsburgh, PA 15219
(412) 472-3980

JAMES J. FABIAN, ESQUIRE
(Trial Bar No. 00455)
326 St. Paul Place, #100
Baltimore, MD 21202
(410) 576-0080

Attorneys for Plaintiffs